UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| SHARON ANZALDI, | CIVIL ACTION NO. 5:14-CV-215-KKC |
| Petitioner, | |
| V. | MEMORANDUM OPINION AND ORDER |
| FRANCISCO QUINTANA, *Warden*, | |
| Respondent. | |

Sharon Anzaldi is an inmate currently confined in the Satellite Camp located on the campus of the Federal Medical Center-Lexington ("FMC-Lexington"), which is located in Lexington, Kentucky. Proceeding without counsel, Anzaldi has filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 [R. 1], challenging on various constitutional grounds her recent federal convictions and 63-month sentence.[1] Anzaldi has paid the $5.00 filing fee. [*Id.*]

The Court screens her petition to determine whether she is entitled to relief under § 2241. *See* Rule 4, Rules Governing 28 U.S.C. § 2254 Cases (applicable to § 2241 petitions under Rule 1(b)); *see also* 28 U.S.C. § 2243. A district court may summarily dismiss a petition if it appears from its face that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001). Because Anzaldi's habeas petition is premature, she is entitled to no relief under § 2241, and the Court will therefore deny her habeas petition and dismiss this proceeding without prejudice.

---

[1] The Warden of FMC-Lexington is Francisco *Quintana*, not "Quintara" as listed in Anzaldi's § 2241 petition. The Clerk of the Court will be instructed to correct the spelling of the Respondent's name in the case caption to Francisco *Quintana*, not "Quintara."

1

BACKGROUND

On June 10, 2013, a federal jury in Chicago, Illinois, found Anzaldi and two co-defendants guilty of income tax evasion charges, *viz.*, one count of Conspiracy to Defraud the Government in violation of 18 U.S.C. § 286, and of ten counts of submitting a False, Fictitious, and Fraudulent Claim in violation of 18 U.S.C. § 287. *See United States v. Sharon Anzaldi*, No.1:11-CR-820 (N. D. Ill. 2011). [R. 139, therein] On January 14, 2014, Anzaldi was sentenced to a 63-month prison term, plus a 3-year term of supervised release. [R. 218, therein] On January 30, 2014, Anzaldi and her co-defendants appealed their convictions [R. 223, therein], and that appeal is currently pending in the United States Court of Appeals for the Seventh Circuit as *United States v. Sharon Anzaldi, et al.*, Case No. 14-1206 (7th Cir. 2014).[2]

Subsequently, on February 18, 2014, regardless of her pending direct appeal of her convictions and sentence, Anzaldi filed a motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255, and moved for the appointment of counsel. *United States v. Sharon Anzaldi*, No. 1:14-CV-1317-HLW (N. D. Ill., 2014) [R. 1; R. 3, therein] Anzaldi's § 2255 motion is currently pending before the trial court in Illinois, but no further activity has ensued in that proceeding since it was filed.

Thereafter, on April 14, 2014, at which time Anzaldi was an inmate at FMC-Lexington, she filed a § 2241 habeas petition in the United States District Court for the District of Columbia, in Washington, D.C. *See Sharon Anzaldi v. Francisco Quintant [sic], Warden*, No. 1:14-CV-00656-ESH (D.D.C. 2014). On April 24, 2014, that court transferred Anzaldi's § 2241

---

[2] The docket sheet in Anzaldi's appellate case reveals that a briefing schedule was established on March 13, 2014, pursuant to which Anzaldi must file her brief on July 11, 2014; the United States must file its brief on or before August 11, 2014; and Anzaldi must file any reply brief on or before August 25, 2014. [R. 13-1, therein]

petition to this district because (1) a § 2241 petition must be filed in the federal court with territorial jurisdiction over the petitioner's immediate custodian, and (2) Anzaldi's immediate custodian is the Warden of FMC-Lexington, which is located in this judicial district. *See* Memorandum and Opinion, and Order [R. 2 and R. 3 therein]. The actual transfer to this district was not electronically effectuated until May 16, 2014. Subsequently, upon initial review, by Memorandum Opinion and Order of May 27, 2014, the undersigned denied Anzaldi's § 2241 petition as prematurely filed and dismissed the case without prejudice. *See Sharon Anzaldi v. Francisco Quintana, Warden*, No. 5:14-cv-189-KKC (E. D. Ky. 2014) [R. 6 and R. 7 therein].

For reasons unknown to the Court, after the dismissal of the foregoing § 2241 petition on May 27, 2014, shortly thereafter, on June 2, 2014, Anzaldi filed another § 2241 petition, but this time she correctly filed it in this judicial district, as this district has jurisdiction over her immediate custodian.3 Although Anzaldi's present § 2241 challenges the legality of her underlying conviction, claims that she is unlawfully imprisoned, and requests the same relief from her convictions and sentence as did her prior habeas petition, the two petitions are very

---

[3] The Court is perplexed by the chronology surrounding the dismissal of Anzaldi's first habeas petition (No. 14-189) and the filing of a second habeas petition (No. 14-215) almost immediately thereafter. It is possible that upon receipt of the Order entered by the District of Columbia ("D.C.") court transferring her habeas petition to this district, Anzaldi, because she is proceeding *pro se*, may have believed that it was necessary for her to re-file a § 2241 petition in this district before this court would consider it.

While it is sheer speculation by the Court, such speculation is supported by the following sequence of events: (1) assuming that after Anzaldi learned of the transfer of her first petition to this district, she thought she must re-file her habeas petition in this district, she prepared another § 2241 petition for filing in this district; (2) Anzaldi signed and dated her present petition on May 7, 2014, prior to the dismissal of her first habeas petition on May 27, 2014; (3) however, for reasons unknown to the Court, Anzaldi did not place her second habeas petition in the mail on May 7, 2014, the date it was executed and notarized [R. 1, p. 3; R. 1, p. 6]; and (4) Anzaldi certified that she placed it in the mail to the Warden on May 28, 2014 [R. 1, p. 5]. Thus, it is entirely possible that her first habeas petition had been dismissed on May 27, 2014, the day before she placed her present habeas petition in the mail to the Warden on May 28, 2014, and that she was unaware of that dismissal at that time. Another puzzling feature about Anzaldi's present habeas petition that the Clerk of the Court received from her is that it was mailed to the Clerk in an envelope post-marked on May 30, 2014, with the following return address: Greg Morris, 1003 Sherman Dr., Apt. B, Marion, Illinois 62959. [R. 1-6, p. 1] Hence, it appears that Anzaldi did not place this petition in the prison mail system for mailing to the Clerk of the Court.

dissimilar.4 In her present § 2241 petition, Anzaldi challenges her recent convictions and sentence under the Fourth, Fifth, Sixth, Eighth, and Eleventh Amendments of the United States Constitution. Her claims include, but are not limited to, allegations that there was no arrest warrant; that there were improper grand jury proceedings, or alternatively, no grand jury; that she received ineffective assistance of counsel at trial; and, that the prosecution was malicious and prejudicial. [R. 1, pp. 2-3]

## DISCUSSION

For the same reasons stated in the Memorandum Opinion and Order of May 27, 2014, dismissing Anzaldi's prior § 2241 petition (Civil No. 5:14-cv-189-KKC), Anzaldi's present § 2241 petition is likewise premature. In this action, Anzaldi again challenges the legality of her underlying criminal convictions and sentence, claiming that prior to and during her criminal proceeding, her various constitutional rights were violated. To reiterate, § 2241 is not the mechanism for asserting such constitutional challenges: 28 U.S.C. § 2255(a) provides the correct mechanism for a federal prisoner to challenge his conviction or sentence. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Section § 2255 is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, No. 4:10–CV–36, 2010 WL 3283018, at *6 (E.D. Tenn. Aug. 17, 2010). A petitioner may challenge the legality of his conviction through a § 2241 petition *only* where his or her remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e).

---

[4] Anzaldi's present petition itself is a 3-page petition, plus a separate pages for "Statement of Verification," a Certificate of Service, and a Notary statement [R. 1], accompanied by her 6-page Affidavit, copies of the indictment and Judgment, etc. Anzaldi's prior petition consisted of 12 pages, plus various attachments. *See Sharon Anzaldi v. Francisco Quintana*, Civil No. 14-189-KKC (E. D. Ky. 2014) [R. 1, pp. 1-31 therein].

Because her direct criminal appeal is still pending, at this juncture, it is entirely premature for Anzaldi to pursue any claims under § 2241. Furthermore, for the same reason, Anzaldi's § 2255 motion is also premature, although that motion is not before this Court and must be considered by the district court in Illinois.

This Court has recently rejected as premature a § 2241 petition filed under similar circumstances. In *Heard v. Withers*, No.5:13-107-KKC, 2013 WL 3984514 (E.D. Ky. Aug. 2, 2013), a federal prisoner filed a § 2241 petition in this Court, seeking relief from his Kentucky federal convictions at the same time his direct appeal of those convictions was pending before the Sixth Circuit Court of Appeals. [*Id.*, at *1-*2] The undersigned denied Heard's § 2241 petition as premature, adhering to the concepts set forth in *Smith v. United States*, 89 F.3d 835 (6th Cir. 1996) (unpublished)5 that absent extraordinary circumstances, a federal prisoner must first complete the direct appeal process, and then, if necessary, file a motion seeking relief under § 2255 in the district court where he was convicted, but that a challenge brought under § 2255 while a direct appeal of a criminal conviction is pending cannot be entertained. *Heard*, 2013 WL 3984514, at *2.

In another similar case filed in this Court, *Denton v. U.S. Atty. Gen.*, No. 6:12-CV-219-DCR, 2012 WL 5450034, at *1 (E.D. Ky. Nov. 7, 2012), the prisoner filed a § 2241 petition, seeking relief from his various Alabama federal convictions at the same time his direct appeal of those convictions was pending before the Eleventh Circuit Court of Appeals. [*Id.*, at *1] U. S. District Judge Danny C. Reeves denied Denton's § 2241 petition as premature, stating:

> Here, Denton's convictions are being challenged on direct appeal, making even a motion for relief under § 2255 premature.
> . . . .

---

5 In *Smith*, the Sixth Circuit noted that the "well established general rule is that, absent extraordinary circumstances, the district court should not consider § 2255 motions while a direct appeal is pending." *Id.*

In summary, Denton must complete the appellate process before seeking relief via § 2255, a step he must take before he may make even a colorable argument for the availability of a remedy under § 2241. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *White v. Grondolsky*, No. 6: 06–309–DCR, 2006 WL 2385358, at *3 (E.D.Ky. Aug. 17, 2006).

*Denton*, 2012 WL 5450034, at *1.

Anzaldi's case is in the same procedural posture as Heard's case was in August 2013, and as Denton's case was in November 2012. Like petitioners Heard and Denton, Anzaldi must first complete the appellate process in the Seventh Circuit as to her criminal convictions, and pursue her various constitutional claims in *that* proceeding. If dissatisfied there, Anzaldi may then collaterally challenge her convictions and sentence by filing a timely motion in the district court where she was sentenced (the Northern District of Illinois), seeking relief under 28 U.S.C. § 2255. Only after Anzaldi exhausts both of those avenues of relief may she petition the district court for extraordinary relief under § 2241. Even then, the circumstances under which relief can be granted under §2241 are *extremely* limited.6

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) The Clerk of the Court shall **CORRECT** the spelling of the Respondent's name in the case caption to: Francisco *Quintana*, not "Quintara."

(2) Sharon Anzaldi's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus [R. 1] is **DENIED** as **PREMATURE**.

---

[6] Typically, to prevail under § 2241, a petitioner can demonstrate that the § 2255 was inadequate and ineffective to challenge his or her detention only where, after his or her conviction has become final, the Supreme Court has re-interpreted the terms of the statute which he or she was convicted of violating in such a way that his or her actions could not be considered as violating the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). *See Barnes v. United States*, 102 F. App'x 441, 443 (6th Cir. 2004).

6

(3)     This action is **DISMISSED WITHOUT PREJUDICE** to Anzaldi's right to assert the same constitutional claims in her pending criminal appeal, Seventh Circuit Court of Appeals as Case No. 14-1206, or, if appropriate, in the district court where she was convicted and sentenced.

(4)     Judgment will be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent, Francisco Quintana, Warden of Satellite Camp located on the campus of FMC-Lexington.

(5)     The Clerk of this Court shall transmit a copy of this Memorandum Opinion and Order and separate Judgment to the Clerk of the United States District Court for the Northern District of Illinois (at Chicago), in Chicago, Illinois, referencing *United States v. Sharon Anzaldi*, Case No. 1:14-CV-01317-HDW (N. D. Ill. 2014).

Entered June 17, 2014.

*/s/ Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY